Dale v. Gower.

*A nonsuit is to be entered.*

---

WILLIAM DALE, *Adm'r.* versus RICHARD GOWER & al.

If the declarations of an intestate would be good evidence against him, were he living and the action brought by him, they are admissible when the action is brought by his administrator.

In an action of trover for goods, where the sale thereof to the plaintiff is alleged to have been fraudulent as to creditors of the seller, the declarations of the plaintiff tending to show that he was not in a condition to have paid any amount towards the consideration for the property, or that he had not the ability to have paid the consideration named in the conveyance, are admissible.

The declarations of the seller of goods, *made at the time of the sale*, are not only admissible for the purpose of discrediting his testimony when he had been called as a witness, but also as direct evidence of the sale.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

Trover by the plaintiff, as administrator of the estate of Robert Witherspoon, against Richard Gower and Abiezer S.

Freeman, for the conversion of a wagon and other articles of personal property, alleged to have been the property of the intestate.

To prove his case the plaintiff introduced a deed from James Moore to Witherspoon, dated Aug. 12, 1841, the descriptive part of which follows: — "The farm on which I now live in Poland, and also the farm on which the said Witherspoon now lives in Poland, and also convey to him, the said Witherspoon, all my personal property which I now have in my possession and keeping in the town of Poland." The defendants claimed under an after purchase of Moore, and contended that the sale to the intestate was fraudulent and void as to themselves, being prior creditors, and *bona fide* purchasers, to pay their demands.

Much testimony was introduced on the one side and on the other. The defendants proposed to ask a witness called by them, "Whether or not the said Witherspoon did not state to him at that time, that he, the said Witherspoon, had no means or property whatever." The presiding Judge ruled, that it was not admissible.

The exceptions also state, "that prior to the deed in August, 1841, the defendants proposed to prove that the said Witherspoon acknowledged, that he had no property whatever, but the Court ruled that the evidence was inadmissible, being prior to the deed."

The exceptions further set forth, that the presiding Judge, among other remarks, stated to the jury, "that the defendants had proved various declarations of Moore, that he sold the property to Gower and Freeman, but that was merely the confessions of Moore, and that those confessions, not under oath, would not prove alone a sale from Moore to the defendants, but were admissible as evidence tending to impair the character of his testimony." Moore had been called as a witness by the plaintiff. It appeared that some of the statements of Moore were made at the time of the alleged sale to the defendants.

The verdict was for the plaintiff, and the defendants filed exceptions.

*J. C. Woodman* argued for the defendants, citing 6 Greenl. 14; 17 Maine R. 378; 1 Stark. Ev. 381; 23 Maine R. 289; Greenl. Ev. $ 108, 120; 16 Mass. R. 108; 24 Pick. 242; 23 Maine R. 221; 11 Pick. 308; 19 Pick. 56; 1 Metc. 342; 3 Metc. 199.

*Deblois* and *True* argued for the plaintiff, citing 1 Stark. Ev. 41, 52, 92; 2 Stark. Ev. 42; 1 Greenl. Ev. 220.

The opinion of the Court was by

WHITMAN C. J. — We are of opinion, that the Court below erred in not suffering evidence to be introduced of the declarations of the intestate, when living, as to his destitution of property, prior to his purchase of Moore. His declarations would be good evidence against him if he were living; and the administrator of his estate is not privileged in this particular, any more than he would be if he were alive. The declarations, if admitted, would have tended to show, that the deceased was not in a condition to have paid Moore any amount towards the consideration for the property, which Moore had conveyed to him; and that the pretence of his having paid three hundred dollars, or of his having the ability to pay the consideration named in the conveyance, was wholly fictitious.

Again; — we think the Court erred in saying to the jury, that Moore's declarations were confessions of his having sold the property to the defendants, and evidence only tending to lessen his credibility. Some of his declarations were, to be sure, of that character; but many of them were parts of the *res gestæ;* and as such were direct evidence of a sale. They accompanied the acts of the sale and delivery. Of this description were portions of the testimony of Hutchins, Pratt and Penney, which proved declarations accompanying the delivery of some of the articles.

*Exceptions sustained. — New trial granted.*